IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

CURTIS MORRIS,

                Plaintiff

        VS.

BERTA COX, *et al.*,

              Defendants

NO. 5:05-CV-297 (CWH)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

# O R D E R

The defendants have filed a MOTION FOR SUMMARY JUDGMENT in the above-styled case,

attached to which are affidavits of both defendants. Tab #47. Their motion is also supported by a

brief (Tab #48) and a Statement of Undisputed Material Facts (Tab #49). Also in the record is the

deposition of plaintiff CURTIS MORRIS taken on April 20, 2006. Tab #51. The plaintiff has filed

a RESPONSE and an "ADDITIONAL RESPONSE" to the defendants' motion. Tabs #53 and #56.[1]

## SUMMARY JUDGMENT STANDARD

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment

provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The
> adverse party prior to the day of hearing may serve opposing affidavits. The
> judgment sought shall be rendered forthwith if the pleadings, depositions, answers
> to interrogatories, and admissions on file, together with the affidavits, if any, show
> that there is no genuine issue as to any material fact and that the moving party is
> entitled to a judgment as a matter of law. A summary judgment, interlocutory in
> character, may be rendered on the issue of liability alone although there is a genuine
> issue as to the amount of damages.*

---

[1]The parties herein have consented for disposition of this case by the United States magistrate
judge.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c);* ***Warrior Tombigbee Transportation Co. v. M/V Nan Fung***, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See* ***Van T. Junkins & Assoc. v. U.S. Industries, Inc.***, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. ***Hairston v. The Gainesville Sun Publishing Co.***, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. ***Welch v. Celotex Corp.***, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. ***Clark v. Coats & Clark, Inc.***, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[2]

---

[2]*See also* ***Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); ***Brown v. City of Clewiston***, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

## DEFENDANT BERTA COX

## FACTS

The only facts before the court are those provided by the defendants, including the deposition of the plaintiff. Plaintiff has alleged that while he was incarcerated at Macon State Prison (MSP), defendant BERTA COX violated his constitutional rights when she failed to adhere to the prison's standard operating procedure when a UPS package was delivered to the prison for the plaintiff. Plaintiff claims that the package (which came from the plaintiff's attorney but was not marked as legal mail and had no outward appearance of being from a lawyer) was delivered to the warehouse rather than the mailroom and BERTA COX, who is a worker in the warehouse, rejected the package on the inmate's behalf without his consent.

Plaintiff has failed to provide **any** evidence in support of his contentions. The only evidence in the record tending to show that defendant COX had *any* contact with the plaintiff's package is hearsay testimony from the plaintiff himself that came about during plaintiff's deposition.[3]

## DISCUSSION

Although the plaintiff was given notice that a motion for summary judgment had been filed against him and was warned that he had to provide evidence on his behalf in order to survive summary judgment[4], he has failed to do so, providing only a three pages of response in two documents. Tabs #53 and #55. Since the plaintiff has provided the court no evidence in support of his allegation that defendant Cox was the person who rejected his mail, summary judgment for her is appropriate.

- 3 -

---

[3]Q	Okay. All right. So sitting here today, there's no document, there's no letter, there's nothing from Berta Cox saying that she declined to take this envelope; is that right? Other than, the only reason you know it is because Jamie Hall allegedly told you; is that right?
A	That's correct.
	Deposition of Curtis Morris, Tab #51, at 48.

[4]The court sent notice to the plaintiff, which included the following language:
	**[T[he party opposing the granting of the motion for summary judgment <u>cannot</u> <u>rest</u> <u>on</u> <u>his</u> <u>pleadings</u>** to present an issue of fact but <u>must</u> make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts which exist in the case which must be presented to a jury for resolution. Tab #52 at 2.

Moreover, the plaintiff has asserted that his Due Process rights were violated when defendant Cox rejected his mail. Even assuming that the plaintiff could demonstrate that his appeal was frustrated or impeded, he has provided absolutely no evidence that defendant Cox could have even known that the letter/package was from his attorney or was in any way related to any legal claim. If defendant Cox was not on notice that plaintiff's Due Process rights would be implicated, she could not have had the subjective knowledge of constitutional Due Process deprivation that is necessary for a plaintiff to prove in order to get past qualified immunity when suing a government official for actions taken while performing her official duties. *See Alexander v. University of North Florida*, 39 F.3d 290 (11th Cir. 1994).

## DEFENDANT CLINTON PERRY

The allegations against defendant Perry relate to Perry's treatment of plaintiff's grievances and/or Perry's duties as Cox's supervisor through *respondeat superior* or vicarious liability.[5] Section 1983 does not permit suits alleging violation of prison grievance procedure (*Doans v. Rice*, 831 F.2d 1057 (4th Cir. 1987)) or *respondeat superior*. *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir.1999). Accordingly, summary judgment for defendant PERRY is appropriate.

## CONCLUSION

Accordingly, defendants' Motion for Summary Judgment is **GRANTED**.

SO ORDERED this 11th day of JULY, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[5]The undersigned originally recommended that defendant Perry be dismissed for the plaintiff's failure to state a claim of relief in a Recommendation dated November 28, 2005. After viewing the plaintiff's Objection to the Recommendation (Tab #15), district judge C. Ashley Royal determined that the plaintiff had alleged "that Perry was personally involved in the decision to reject his legal mail" and declined to adopt the Recommendation with respect to Defendant Perry. Tab #32. In the meantime, all parties consented for the undersigned to handle this proceeding. A review of the entire docket does not reveal any specific allegations of defendant Perry's personal involvement in rejecting the plaintiff's mail.